DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Cross-Appellant Russell C. Pruitt has appealed the denial of his counter-claim for the reimbursement of attorney's fees by the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} On October 1, 1998, Plaintiff-Cross-Appellee Colonial Guild ("Colonial") filed a complaint against Defendant-Cross-Appellant Russell C. Pruitt ("Pruitt") which alleged that Pruitt, as trustee of the Pruitt Family Trust ("Trust"), had deeded certain pieces of real property to the Trust in order to prevent Colonial from reaching the property in satisfaction of a judgment it held against Pruitt. Colonial asked the trial court to set aside certain deeds, and re-deed the properties in Pruitt's name alone so that the property could be reached in satisfaction of its judgment. According to Colonial's complaint, its judgment against Pruitt was the result of a jury verdict against Pruitt in the U.S. District Court in the Southern District of Florida ("the Florida litigation"), which found Pruitt guilty of breaching his fiduciary duty to Endura Memorials ("Endura"), a Florida corporation that he previously owned and operated.[1]
 {¶ 3} Almost three years after Colonial commenced suit in Lorain County, Pruitt filed a counter-claim in Lorain County against Colonial. His counter-claim asked the trial court to order Colonial, as the successor in interest to Endura, to indemnify and reimburse him for the attorney's fees he incurred when he unsuccessfully defended himself against Colonial in the Florida litigation. Pruitt based his counter-claim on a purported indemnification agreement he entered into with Horne when he sold his interest in Endura to Horne.[2]
 {¶ 4} Colonial's complaint and Pruitt's counter-claim were tried to the Lorain County Court of Common Pleas on June 4, 2003. On July 14, 2003, the trial court granted judgment for Pruitt on Colonial's complaint and for Colonial on Pruitt's counter-claim. Colonial timely appealed the trial court's decision to this Court, and Pruitt cross-appealed asserting one assignment of error. Colonial's appeal was dismissed on November 20, 2003, because of its failure to file an appellate brief.[3] As such, this Court shall only address the assignment of error raised in Pruitt's cross-appeal.
 II Assignment of Error
"The judgment of the trial court entered for [Colonial] on [Pruitt's] counterclaim is contrary to the manifest weight of the evidence."
 {¶ 5} In his first assignment of error, Pruitt has argued that the trial court's decision to deny his counter-claim for the indemnification and reimbursement of attorney's fees was against the manifest weight of the evidence. Specifically, Pruitt has argued that pursuant to the purported indemnification agreement he entered into with Endura, Colonial, as the successor in interest to Endura, should indemnify and reimburse him for the attorney's fees he incurred when he unsuccessfully defended himself in the Florida litigation. We disagree.
 {¶ 6} Pruitt's claim of indemnification is based on a purported indemnification agreement that was signed by Horne on behalf of Endura when Pruitt sold his one half interest of Endura to Horne. The purported indemnification agreement stated:
"Pursuant to the authority of Florida Statutes Chapter 607, the undersigned, being all of the Directors of [Endura], do hereby take the following action in writing without a meeting:
"Resolved: The undersigned do hereby approve and ratify all acts of [Pruitt] in his capacity as an Officer and/or Director of [Endura] and further agree to indemnify such Officer and Director and hold him harmless for costs, expenses, judgments, decrees, fines, and penalties which may arise out of his activities as Director and/or Officer of [Endura]."
 {¶ 7} An identical agreement was executed by Horne in his capacity as the sole additional shareholder of Endura. Both documents were signed by Horne on March 22, 1989.
 {¶ 8} This Court must first determine whether to apply Ohio law or Florida law to the instant appeal. "It is elementary that the law of the place where a contract is made enters into and becomes a part of the contract, and that the contract must be construed as though the law were written out in full therein."Garlick v. McFarland (1953), 159 Ohio St. 539, 545; see, also,Switzer v. Carroll (C.A. 6, 1966), 358 F.2d 424, 426. The purported indemnification agreement relied upon by Pruitt was drafted "[p]ursuant to the authority of Florida [s]tatutes," and Endura was a Florida corporation doing business in Florida. Therefore, this Court must apply Florida law to the instant matter.
 {¶ 9} Fla. Stat. § 607.0850, entitled "Indemnification of officers, directors, employees, and agents[,]" states that a corporation can indemnify its officers, directors, employees, or agents against reasonable expenses incurred during legal proceedings. Fla. Stat. § 607.0850(2). The statute expressly prohibits indemnification of a director, officer, employee, or agent if:
"(7) * * * [A] judgment or other final adjudication establishes that his or her actions * * * were material to the cause of action so adjudicated and constitute:
"* * *
"(d) Willful misconduct or a conscious disregard for the best interests of the corporation in a proceeding by or in the right of the corporation to procure a judgment in its favor * * *." Fla. Stat. § 607.0850(7)(d).
 {¶ 10} Pruitt has argued that because he had a valid indemnification agreement with Endura, he was entitled to indemnification and reimbursement of the attorney's fees he incurred when he unsuccessfully defended himself against Colonial in the Florida litigation, even though a jury found him guilty of breaching his fiduciary duty to Endura.
 {¶ 11} Our careful review of the record indicates that Pruitt was the first witness called to testify at trial, and that he first testified on cross-examination for Colonial, then later testified on direct examination in his own defense. Pruitt presented the following sworn testimony on cross-examination:
"[Colonial:] Mr. Pruitt, in 1996, did the jury in the Federal Court in Miami, Florida[,] find that you were liable to Colonial * * * in the amount of $150,000?
"[Pruitt:] Yes.
"[Colonial:] And they found that you were liable on the * * * basis of a breach of fiduciary obligations that you owed to Endura; is that correct?
"[Pruitt:] It was a single count, breach of fiduciary duty."
 {¶ 12} Later at trial, Pruitt presented the following testimony on direct examination:
"[Pruitt's Attorney]: And your counter claim is for what Mr. Pruitt?
"[Pruitt:] * * * [I]t's records of attorney's expenses, traveling expenses, document expenses and some — some amount of time that I had to have when I thought I shouldn't have, but it's expenses related to defending myself."
 {¶ 13} This Court will not disturb the judgment of a trial court as being against the manifest weight of the evidence so long as the judgment is supported by "some competent, credible evidence going to all the essential elements of the case."Complete Gen. Constr. Co. v. Ohio Dept. of Transp. (2002),94 Ohio St.3d 54, 62, quoting C.E. Morris Co. v. FoleyConstruction. Co. (1978), 54 Ohio St.2d 279, 280. By his own admissions, the Florida litigation resulted in a finding that Pruitt was guilty of willful misconduct, namely breach of fiduciary duty, while serving as owner and operator of Endura.
 {¶ 14} We find that Pruitt's sworn testimony was competent, credible evidence that he engaged in willful misconduct while he was the owner and operator of Endura. Assuming without deciding that the indemnification agreement signed by Horne constituted a valid contract, based on his own testimony, Pruitt cannot be indemnified for the attorney's fees he incurred in the Florida litigation because to do so would essentially indemnify him for his own willful misconduct, which is expressly prohibited pursuant to Florida law. See Fla. Stat. § 607.0850(7)(d). Therefore, we conclude that the trial court's decision denying Pruitt's counter-claim seeking indemnification and reimbursement of attorney's fees was based on competent, credible evidence and not against the manifest weight of the evidence. Pruitt's assignment of error lacks merit.
 III {¶ 15} Pruitt's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr, P.J. Batchelder, J. Concur,
[1] According to his sworn testimony, Pruitt owned a one half interest in Endura, the other half being owned by James Horne ("Horne"). Pruitt sold his interest in Endura to Horne, who in turn sold Endura to Colonial.
[2] In its answer to Pruitt's counter-claim, Colonial alleged that the purported indemnification agreement signed by Horne "was obtained [f]raudulently from [Endura]."
[3] The record reveals that Colonial requested three extensions of time from this Court in which to file its appellate brief. We granted Colonial's first two requests, but denied its third request. As a result of our denial, Colonial's direct appeal of the trial court's decision was dismissed and its appellate brief, filed on November 18, 2003, was stricken from the record. As a result, we have decided Pruitt's cross-appeal based solely on his appellate brief and the record he transmitted to this Court from the Lorain County Court of Common Pleas.